**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

SHERMAN ELIAZ TOWNSEND, Civil No. 00-381 (DWF/RLE)

Petitioner,

v. **MEMORANDUM AND ORDER**

PATT ADAIR,

Respondent.

---

Sherman E. Townsend, Pro Se, #100473, Minnesota Correctional Facility, Box B, St. Cloud, Minnesota 56302-1000, Petitioner.

Amy J. Klobuchar, Hennepin County Attorney, Paul R. Scoggin, Assistant Hennepin County Attorney, C-2000 Government Center, 300 Sixth Street South, Minneapolis, MN 55487; and Michael A. Hatch, Minnesota Attorney General, 445 Minnesota Street, Suite 1400, St. Paul, MN 55101, counsel for Respondent.

---

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition challenging his 1998 state court burglary conviction. He claims that: (a) he was wrongly denied a court-appointed attorney; and (b) he received ineffective legal assistance from the attorney who did represent him. The matter was assigned to Magistrate Judge Raymond L. Erickson, who recommended that Petitioner's habeas petition be dismissed. (Report and Recommendation ["R&R"] dated February 2, 2001, [Doc. No. 13].) Petitioner filed objections to the R&R (Doc. No. 14), which prompted this Court to conduct a *de novo* review of the case. By order dated April 16, 2001 (Doc. No. 17), the Court overruled Petitioner's objections, adopted the R&R, and held that the action should be dismissed.

FILED MAY 10 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

On April 23, 2001, Petitioner filed an "Application For Certificate Of Appealability," which the Clerk of Court construed to be a notice of appeal (Doc. No. 19), as well as a request for a Certificate of Appealability ("COA") (Doc. No. 20). For the reasons discussed below, Petitioner's request for a COA will be denied.

**DISCUSSION**

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994), citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 119 S. Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*). *See also Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (granting a

COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983).

In this case, Petitioner is not entitled to a COA because he has not made "a substantial showing of the denial of a constitutional right." More specifically, he has not shown that he was denied his Sixth Amendment right to effective assistance of counsel.[1]

To prevail on an ineffective assistance claim, a habeas petitioner must show that his attorney did not provide reasonably competent representation, and that there is reasonable probability that the outcome of the trial would have been different if the attorney had not erred. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The instant Petitioner has not made such a showing here.

Petitioner claims that his attorney erred by failing to bring a suppression motion to bar the testimony of a certain witness. (He contends that the testimony in question was the product of an impermissibly suggestive procedure used to identify him as the perpetrator of the crime.) However, as Magistrate Judge Erickson pointed out (and as the trial court and the Minnesota Court of Appeals had previously pointed out), Petitioner's attorney did attempt to exclude the testimony in question, by bringing a motion *in limine*. Petitioner's ineffective assistance of counsel claim has been consistently rejected, because he is unable to demonstrate that the testimony in question probably would have been excluded if his attorney had challenged it by means of a different type of motion–i.e., a "suppression motion" based on principles of due process, rather than a "motion *in limine*" based on the Minnesota Rules of Evidence. Because Petitioner is unable to show that a

[1] As previously noted, Petitioner has also claimed that he was denied his constitutional right to court-appointed counsel. However, he did not object to the magistrate judge's recommended ruling on that claim, and presumably he is not presently seeking permission to raise that claim on appeal. In any event, that claim was properly rejected on the grounds of procedural default, and it is clear that Petitioner is not entitled to a COA on that claim.

different form of motion would have been successful, he has not satisfied either of the two basic *Strickland* requirements. He has not shown a material deficiency in his legal representation, and he has not shown that the outcome of his trial would have been different if a different form of exclusion motion had been brought.

**CONCLUSION**

In sum, the Court remains fully satisfied that Petitioner's ineffective assistance claim was properly rejected, and that his habeas corpus petition was properly denied. There is nothing genuinely debatable about the resolution of Petitioner's claims, and the Court finds no reason to believe that any other court–including the Eighth Circuit Court of Appeals–could decide his claims any differently than they were decided here. Thus, the Court concludes that Petitioner has not made "a substantial showing of the denial of a constitutional right," and he is not entitled to a COA in this matter.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Petitioner's Application for a Certificate of Appealability (Doc. No. 20) is **DENIED**.

Dated: May 10, 2001

DONOVAN W. FRANK
Judge of United States District Court